W. J. Bush & Co., Inc. v. Commissioner.
W. J. Bush & Co., Inc. v. Commissioner
Docket No. 3090.
United States Tax Court
1945 Tax Ct. Memo LEXIS 304; 4 T.C.M. (CCH) 194; T.C.M. (RIA) 45054; February 8, 1945
Harold H. Bowman, Esq., 122 E. 42nd St., New York 17, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. HARRON Memorandum Opinion HARRON, Judge: The Commissioner determined deficiencies in income and excess profits taxes for the year 1940 in the respective amounts of $3,708.91 and $2,251.42. Petitioner has agreed that respondent's disallowance of deductions for an alleged bad debt and for capital stock tax in the respective amounts of $1,217.92 and $350 are correct determinations. The only issue presented by the pleadings relates to respondent's disallowance of deduction claimed for British Excess Profits tax to the extent of $13,885.88. Petitioner is a New York corporation with its principal office in New York City. It filed its income *305 tax return for the taxable year with the collector for the Third District of New York. The return was made on an accrual basis. [The Facts] The facts have been stipulated, and the stipulation of facts which has been filed is adopted as our findings of fact. Petitioner elected to take deduction for income and excess profits tax imposed by the British Government, (see Section 23 (c) of the Internal Revenue Code, as amended), and took deduction in the amount of $126,015.68. Of that amount approximately $83,013.99 represented the British excess profits tax, and $43,001.69 represented the British income tax. The British Finance Acts of 1940 provided that beginning April 1, 1940, the excess profits tax would be at the rate of 100%. Accordingly, the excess profits tax for the period April 1, to December 31, 1940, assessed at the rate of 100%, was $69,429.42. Because of his interpretation of the provisions of Section 37 of Part IV of the British Finance Act of 1942, respondent determined that 20 per cent of $69,429.42, or, $13,885.88, would be refunded to petitioner after the termination of hostilities in the present war. Upon this interpretation, respondent *306 held that petitioner could not deduct in 1941 $13,885.88 of the British excess profits tax for 1940. Respondent based his holding upon his interpretation of the pertinent sections of the British Finance Act of 1942 whereby he believed that the Statute created "a definite obligation by the United Kingdom to refund to this taxpayer $13,885.88 at a future date" - This is part of the explanation in a preliminary 30-day letter of the Commissioner which is attached to the petition in this proceeding. Petitioner objected to respondent's interpretation of the pertinent section of the British Finance Act, and called a barrister-at-law to give expert estimony on the meaning and effect of the British Statute. Petitioner filed its brief and the argument was devoted to the question of whether the statute in question created a definite obligation to refund 20 per cent of the tax, or could represent a guarantee that petitioner would receive the refund. Petitioner contended that the payment of the post-war refund was wholly contingent. Respondent did not file a brief. He has advised this Court that he now recedes from the view taken originally. Accordingly, respondent having abandoned the issue, *307 petitioner is entitled to deduction for the entire amount of the excess profits tax in the amount of $69,429.42. Recomputation of the income and excess profits tax of petitioner for 1940 is necessary because petitioner has agreed to other adjustments made by the respondent. Decision will be entered under Rule 50.